IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA AARON HEATH,

    Plaintiff,
vs.                                                                          No. CV 19-00117 KG/GBW

STATE OF NEW MEXICO,
THIRD DISTRICT COURT,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Complaint (Tort) filed by Plaintiff Joshua Aaron Heath (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

Mailings to Plaintiff Heath at his address of record were returned as undelivered. (Doc. 4, 5, 6). The Court then issued an Order to Show Cause on March 1, 2019, directing Heath to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 21 days of entry of the Order. (Doc. 7). Additional mail, including the copy of the Court's Order to Show Cause mailed to Burke's address of record, was also returned as undelivered. (Doc. 8). The Court's review of the New Mexico Corrections Department records confirms that Heath is no longer in the custody of the Southern New Mexico Correctional Facility. More than 21 days has elapsed since entry of the Order to Show Cause and Heath has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980). The

1

local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Heath has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's March 1, 2019 Order to Show Cause. Heath has also failed to comply with or respond to the Court's February 13, 2019 Order to Cure Deficiency (Doc. 3).

Plaintiff Heath has failed to comply with the Court's orders and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and failure to prosecute this proceeding.

Also pending before the Court is the Application for Free Process (Doc. 2). The Court denies the Application as moot in light of the dismissal of this proceeding.

IT IS THEREFORE ORDERED:

(1) the Application for Free Process (Doc. 2) is DENIED as moot; and

(2) the Complaint (Tort) filed by Plaintiff Joshua Aaron Heath (Doc. 1) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's orders and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE